IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| OAK ENVIRONMENTAL CONSULTANTS, INC., Plaintiff, | ) | |
| v. | ) | No. 06-113C (Judge Horn) |
| THE UNITED STATES, Defendant. | ) | |

**DEFENDANT'S ANSWER**

Defendant, the United States, for its answer to the complaint of plaintiff, Oak Environmental Consultants, Inc., admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

3. The allegations contained in paragraph 3 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the statutes and claim cited, which are the best evidence of their contents; otherwise they are denied.

4. Admits the allegations contained in paragraph 4 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Admits the allegations contained in paragraph 5, to the extent supported by the contract documents, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegations contained in the first sentence of paragraph 6, that plaintiff furnished payment and performance bonds; admits the remaining allegations contained in the first sentence of paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the remaining allegations contained in the first sentence of paragraph 6. Denies the allegations contained in the second sentence of paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contract documents, which is the best evidence of their contents; otherwise denies the allegations contained in paragraph 7.

8. Denies the allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. Denies the allegations contained in paragraph 9, that the events described in paragraph 9 occurred after plaintiff completed 50 percent of the contract work, for lack of knowledge or information sufficient to form a belief as to their truth; admits the remaining allegations contained in paragraph 9 to the extent supported by the written notification cited, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10, the extent supported by the written notice cited; otherwise denies the allegations contained in paragraph 10.

11. Denies.

12. Denies.

13. Denies the allegations contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth

14. The allegations contained in paragraph 14 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. Admits the allegations contained in paragraph 15 to the extent supported by the contract modification cited; otherwise denies the allegations contained in paragraph 15.

16. The allegations contained in paragraph 16 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. Denies. Defendant avers that the work performed was corrective work and that some of the funds described by plaintiff were paid to plaintiff after plaintiff corrected omissions in certain earned value reports.

18. Denies the allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth, inasmuch as plaintiff does not define what it means by "released the plaintiff's bonding obligation."

19. Denies.

20. The allegations contained in paragraph 20 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21. Admits the allegations contained in paragraph 21 to the extent supported by the parties' partial settlement agreement regarding the termination for convenience, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits the allegations contained in the first sentence of paragraph 22, that plaintiff filed what was purported to be a certified claim on August 26, 2005, and that a decision

was not issued within 60 days; admits the allegations contained in the first sentence of paragraph 22, that the claim was certified, to the extent supported by the claim itself, which is the best evidence of its contents; otherwise denies those allegations; denies the remaining allegations contained in the first sentence of paragraph 22. The allegations contained in the second sentence of paragraph 22 constitute conclusions of law to which no answer is required.

23. Defendant's responses to paragraphs 1 through 22 of the complaint are incorporated by reference.

24. The allegations contained in paragraph 24 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 25 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26. Defendant's responses to paragraphs 1 through 25 of the complaint are incorporated by reference.

27. The allegations contained in paragraph 27 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. Denies.

30. The allegations contained in paragraph 30 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

31. The allegations contained in paragraph 31 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

32. In response to the prayer for relief which follows paragraph 31 of the complaint, denies that plaintiff is entitled to the relief requested, or to any relief whatsoever.

33. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

*s/Steven J. Gillingham*

STEVEN J. GILLINGHAM
Assistant Director

*s/Richard P. Schroeder*

RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

June 21, 2006

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that, on this 21ST day of June 2006, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Richard P. Schroeder