National
Surety Specialists, Inc.

BID AND/OR PERFORMANCE BOND VERIFICATION

AS ADMINISTRATOR FOR LINCOLN GENERAL INSURANCE COMPANY PLEASE ACCEPT THIS AS VERIFICATION OF THE ISSUANCE OF THE BOND IN QUESTION LISTED BELOW IF YOU SHOULD NEED ANY FURTHER ASSISTANCE PLEASE FEEL FREE TO CALL US DIRECT:

TO: Department of the Navy, 10 Industrial Highway, Lester, PA 19113

DATE: November 5, 2002

CONTRACTOR: Oak Environmental Consultants, Inc., 600 North Route 70, Suite 12, Marlton, NJ 08053

BOND #s: LNS-002086

BOND AMOUNT: $2,453,162.66

FOR CONTRACT: N62472-02-C-0095

DESCRIPTION: Anchorage Housing Repairs at Naval Station, Newport, Rhode Island

THE ABOVE BOND WAS ISSUED BY LINCOLN GENERAL INSURANCE COMPANY

By: ____________________
Floyd C. Reynolds, III, Attorney-in-Fact

2023 Route 70 West, Cherry Hill, NJ 08002
1-609-910-9009 λ FAX 1-609-910-1969 λ WATS 1-888-978-7389

000040

**Sampson, Karen L (EFANE)**

**From:** Ring, Pat A (EFANE)
**Sent:** Tuesday, November 05, 2002 11:02 AM
**To:** 'eje@oakgroup.net'
**Cc:** Sampson, Karen L (EFANE); Abraham, Denise (EFANE)
**Subject:** RE: Notice to Proceed

Ed,
Please be advised I received bond authentication from your surety.

Pat

-----Original Message-----
**From:** Ring, Pat A (EFANE)
**Sent:** Tuesday, November 05, 2002 8:51 AM
**To:** 'eje@oakgroup.net'
**Cc:** Sampson, Karen L (EFANE); Abraham, Denise (EFANE)
**Subject:** Notice to Proceed

<< File: ntp.doc >>

Bond No. LNS002086

| PERFORMANCE BOND (See instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract) November 04, 2002 | OMB NO.: 9000-0045 Expires: 09/30/98 |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariate (VIRS), Federal Acquistion Policy Division, GSA, Washington, DC 20405

PRINCIPAL (Legal name and business address)

OAK ENVIRONMENTAL CONSULTANTS, INC.
600 NORTH ROUTE 73
MARLTON, NJ 08053

TYPE OF ORGANIZATION ('X" one)

- [ ] INDIVIDUAL
- [ ] PARTNERSHIP
- [ ] JOINT VENTURE
- [x] CORPORATION

STATE OF INCORPORATION: PENNSYLVANIA

SURETY(IES) (Name(s) and business address(es)

LINCOLN GENERAL INSURANCE COMPANY
2023 Route 70 West, Cherry Hill NJ 08002

PENAL SUM OF BOND

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| **********2 | *********453 | *******162 | ****66 |

| CONTRACT DATE | CONTRACT NO. |
|---|---|
| 9/26/02 | N62472-02-C-0095 |

OBLIGATION:

We, the Principal and Surety(ies) are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "Jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The principal has entered into the contract identified above.

THEREFORE:

The above obligation is void if the Principal --

(a)(1) Performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of the contract during the original term of the contract and any extensions thereof that are granted by the Government, with or without notice to the Surety(ies). and during the life of any guaranty required under the contract, and (2) performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of any and all duly authorized modifications of the contract that hereafter are made. Notice of these modifications to the Surety(ies) are waived.

(b) Pays to the Government the full amount of the taxes imposed by the Government, if the said contract is subject to the Miller Act, (40 U.S.C. 270a-270e), which are collected, deducted, or withheld from wages paid by the Principal in carrying out the construction contract with respect to which this bond is furnished.

WITNESS:

The Principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

OAK ENVIRONMENTAL CONSULTANTS, INC. PRINCIPAL

| | 1. | 2. | 3. | |
|---|---|---|---|---|
| SIGNATURE(S) | By: [signature] (Seal) | By: (Seal) | By: (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. Eduard Eichen Pres | 2. | 3. | |

INDIVIDUAL SURETY(IES)

| | 1. | 2. |
|---|---|---|
| SIGNATURE(S) | (Seal) | (Seal) |
| NAME(S) (Typed) | 1. | 2. |

CORPORATE SURETY(IES)

| SURETY A | | | | |
|---|---|---|---|---|
| NAME & ADDRESS | LINCOLN GENERAL INSURANCE COMPANY 2023 Route 70 West, Cherry Hill NJ 08002 | STATE OF INC. PA | LIABILITY LIMIT $ 2,453,162.66 | Corporate Seal |
| SIGNATURE(S) | 1. BY: [signature] | 2. By: | | |
| NAME(S) & TITLE(S) (Typed) | 1. FLOYD C. REYNOLDS, III Attorney-inFact | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition not usable

STANDARD FORM 25 (REV. 5-96)
Prescribed by GSA -- FAR (48 CFR) 53.228(b)

CORPORATE SURETY(IES) (Continued)

| | | | | | |
|---|---|---|---|---|---|
| SURETY B | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY C | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY D | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY E | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY F | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY G | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |

| BOND PREMIUM | RATE PER THOUSAND ($) | TOTAL ($) |
|---|---|---|
| | 20.00 | $49,063.26 |

## INSTRUCTIONS

1. This form is authorized for use in connection with Government contracts. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an afforney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

a) Corporations executing the bond as sureties must appear bn the Department of the Treasury's list of the approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

b) Where individual sureties are involved, a completed Affidavit of individual Surety (Standard Form 28), for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning its financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

000043

Bond No. LNS002086

| PAYMENT BOND (See instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract) November 04, 2002 | OMB NO.: 9000-0045 Expires: 09130/98 |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariate (VIRS), Federal Acquistion Policy Division, GSA, Washington, DC 20405

PRINCIPAL (Legal name and business address)

OAK ENVIRONMENTAL CONSULTANTS, INC.
600 NORTH ROUTE 73
MARLTON, NJ 08053

TYPE OF ORGANIZATION ("ׄ"e'one)

☐ INDIVIDUAL ☐ PARTNERSHIP
☐ JOINT VENTURE ☒ CORPORATION

STATE OF INCORPORATION: PENNSYLVANIA

SURETY(IES) (Name(s) and business address(es))

LINCOLN GENERAL INSURANCE COMPANY
2023 Route 70 West, Cherry Hill NJ 08002
Cherry Hill, New Jersey 08002

PENAL SUM OF BOND

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| **********2 | *********453 | *******162 | ****66 |

| CONTRACT DATE | CONTRACT NO. |
|---|---|
| 9/26/02 | N62472-02-C-0095 |

OBLIGATION:

We, the Principal and Surety(ies) are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "Jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

WITNESS:

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

OAK ENVIRONMENTAL CONSULTANTS, INC. — PRINCIPAL

| | 1. | 2. | 3. | |
|---|---|---|---|---|
| SIGNATURE(S) | By: [signature] (Seal) | By: (Seal) | By: (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. Eduard Eichew Pres | 2. | 3. | |

INDIVIDUAL SURETY(IES)

| | 1. | 2. |
|---|---|---|
| SIGNATURE(S) | (Seal) | (Seal) |
| NAME(S) (Typed) | 1. | 2. |

CORPORATE SURETY(IES)

| SURETY A | | | | |
|---|---|---|---|---|
| NAME & ADDRESS | LINCOLN GENERAL INSURANCE COMPANY 2023 Route 70 West, Cherry Hill NJ 08002 | STATE OF INC. PA | LIABILITY LIMIT $ 2,453,162.66 | Corporate Seal |
| SIGNATURE(S) | 1. By: [signature] | 2. By: | | |
| NAME(S) & TITLE(S) (Typed) | 1. FLOYD C. REYNOLDS, III Attorney-inFact | 2. | | |

CORPORATE SURETY(IES) (Continued)

| | | | | | |
|---|---|---|---|---|---|
| SURETY B | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY C | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY D | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY E | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY F | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY G | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270e). Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of the approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety 6, etc.) headed "CORPORATE SURETY(IES)". In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28), for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

000045

No. LNS 002086
(Void unless numbered in red)

# POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS: That Lincoln General Insurance Company, organized and existing by virtue of the Laws of the Commonwealth of Pennsylvania, does hereby nominate, constitute and appoint:

**Floyd C. Reynolds, III, Chris T. Reynolds, Michelle R. Patterson of Cherry Hill, NJ**

its true and lawful attorney(s)-in-fact to sign, seal and execute for and on its behalf, as surety, bonds, undertakings, and other obligatory instruments of similar nature and to bind it thereby as fully and to the same extent as if such instruments were signed by a duly authorized officer of the corporation, and all the acts of said Attorney, pursuant to the authority hereby given are hereby ratified and confirmed.

This Power of Attorney is made and executed pursuant to and by authority of the following Resolution adopted by the Board of Directors of the corporation on the 6th day of February, 1991.

"Resolution that the President, or any Vice President, in conjunction with any Secretary or Assistant Secretary, be and they are hereby authorized and empowered to appoint Attorneys-in-Fact of the Company in its name and as its acts to execute and acknowledge for and on its behalf as Surety any and all Bonds, recognizances, contract of indemnity, waivers of citation and all other writings obligatory in the nature thereof, with power to attach thereto the seal of the Company. Any such writings so executed by any of said Attorney-in-fact shall be as binding upon the Company as if they been had duly executed and acknowledged by the regularly elected officers of the Company in their own proper persons."

IN WITNESS WHEREOF, Lincoln General Insurance Company has caused its corporate seal to be affixed, and these presents to be signed by its duly authorized officers this 19th day of November, 2001.

Attest: ______________________
Gary J. Orndorff, Secretary

By: ______________________
William P. Bender, Vice President

The Commonwealth of Pennsylvania
York County

On this 19th day of November, 2001, before me personally came William P. Bender, to me known, who being duly sworn, did depose and say: that he is a Vice President of the Corporation described in and which executed the above instrument: that he knows the seal affixed to the aforesaid instrument is such corporate seal and was affixed thereto by order and authority of the Board of Directors of said Company; and that he executed the said instrument by like order and authority and the same was his free act and deed.

The Commonwealth of Pennsylvania
York County

Notarial Seal
Catherine Marie Loose, Notary Public
Springettsbury Twp., York County
My Commission Expires June 17, 2004

______________________
Notary Public

I, Gary Orndorff, Secretary of Lincoln General Insurance Company, a corporation of the Commonwealth of Pennsylvania do hereby certify that the above and foregoing is a full, true and correct copy of Power of Attorney issued by said Company, and of the whole of the original and that the said Power of Attorney is still in full force and effect and has not been revoked, and furthermore that the Resolution of the Board of Directors, set forth in the said Power of Attorney is now in force.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Company, at York, Pennsylvania, this 4th day of November, 2002.

______________________
Gary J. Orndorff, Secretary

Kingsway America Group
LINCOLN GENERAL INSURANCE COMPANY
Mail: P.O. Box 3709, York, PA 17402-0136
Tel: 717-757-0000 Fax: 717-751-0165
AMB#: 03723 NAIC#: 33855

CURRENT RATING

Based on our opinion of the company's Financial Strength, it is assigned a Best's Rating of A- (Excellent). The company's Financial Size Category is Class V. Rating Effective: January 11, 2001.

RATING RATIONALE

Current Rating Rationale: The rating for Lincoln General Insurance Company reflects the company's strategic role in the U.S. operations of Kingsway Financial Services Inc. Management has implemented aggressive actions to improve operating profitability, including discontinuing several highly unprofitable accounts, implementing tighter underwriting guidelines, and improving control of claims. The rating acknowledges the company's strengthened reserve position and increased financial flexibility and support provided by its ultimate parent.

Partially offsetting these factors are the company's poor operating results and adverse loss development in previous years, high underwriting leverage, and strong competition within its core commercial transportation lines. A negative rating outlook will be maintained on this company as the rating will be impacted by any subsequent deterioration in operating results or significant loss reserve development.

KEY FINANCIAL INDICATORS ($000)

| Year | Net Premiums Written | Pretax Operating Income | Total Admitted Assets | Policyholders' Surplus | Comb. Ratio |
|---|---|---|---|---|---|
| 1996 | 47,901 | 262 | 85,463 | 29,115 | 104.8 |
| 1997 | 31,416 | 402 | 80,895 | 25,786 | 114.2 |
| 1998 | 31,424 | -12,733 | 74,714 | 15,753 | 147.9 |
| 1999 | 27,482 | -1,089 | 68,304 | 16,852 | 117.0 |
| 2000 | 36,539 | 1,495 | 71,391 | 18,842 | 99.9 |

BUSINESS REVIEW

Lincoln General Insurance Company, a wholly owned subsidiary of Walshire Assurance Company, is owned by Kingsway America Inc., a holding company of its ultimate parent Kingsway Financial Services Inc. The company primarily underwrites commercial auto liability and physi-

Balance Sheet

Admitted Assets ($000)

| | 12/31/2000 | % |
|---|---|---|
| Bonds | $41,696 | 58.4 |
| Preferred stock | 1,122 | 1.6 |
| Common stock | 7,742 | 10.8 |
| Cash & short-term invest. | 1,490 | 2.1 |
| Investments in affiliates | 1,751 | 2.5 |
| Real estate, offices | 1,400 | 2.0 |
| Total invested assets | $55,202 | 77.3 |
| Premium balances | 12,005 | 16.8 |
| Accrued interest | 553 | 0.8 |
| All other assets | 3,632 | 5.1 |
| Total assets | $71,391 | 100.0 |

Liabilities & Surplus ($000)

| | | |
|---|---|---|
| Loss & LAE reserves | $26,399 | 37.0 |
| Unearned premiums | 21,829 | 30.6 |
| Conditional reserve funds | 45 | 0.1 |
| All other liabilities | 4,276 | 6.0 |
| Total liabilities | $52,549 | 73.6 |
| Capital & assigned surplus | 10,075 | 14.1 |
| Unassigned surplus | 8,767 | 12.3 |
| Total policyholders' surplus | $18,842 | 26.4 |
| Total liabilities & surplus | $71,391 | 100.0 |

# Commonwealth of Pennsylvania

# INSURANCE DEPARTMENT

I, Linda S. Kaiser, Insurance Commissioner of the Commonwealth of Pennsylvania, do hereby certify that the

LINCOLN GENERAL INSURANCE COMPANY

located in York, Pennsylvania, is duly organized under the laws of the Commonwealth of Pennsylvania, and is authorized to transact the business of Insurance as mentioned in Section 202, subdivision (b), paragraphs (1) fire, allied lines, (2) inland marine, auto physical damage and (3) ocean marine; and subdivision (c), paragraphs (1) fidelity & surety, (2) accident & health, (3) glass, (4) other liability including professional liability, medical malpractice, etc., (5) boiler & machinery, (6) burglary & theft, (7) credit, (8) water damage, (9) elevator, (10) livestock, (11) auto liability, (12) mine, (13) personal property floater and (14) workers' compensation of the Act of May 17, 1921, P.L. 682, as amended, as a domestic stock fire insurance company.

In Witness Whereof, I have hereunto set my hand, and affixed the Official Seal of this Department at the City of Harrisburg this 25th day of February, 1997.

Linda S. Kaiser

Insurance Commissioner

000048

INSURANCE DEPARTMENT • COMMONWEALTH OF PENNSYLVANIA

or Hawaii, respectively) destination (other than a port for export). The notice shall be transmitted by rapid means to be received by the consignee transportation officer at least 24 hours before the arrival of the shipment. The Government bill of lading, commercial bill of lading or letter or other document that contains all of the following shall be addressed and sent promptly to the receiving transportation officer. This document shall be prominently identified by the Contractor as being a "Report of Shipment" or "REPSHIP FOR T.O."

MESSAGE EXAMPLE:

REPSHIP FOR T.O. 81 JUN 01

TRANSPORTATION OFFICER

DEFENSE DEPOT, MEMPHIS, TENN.

SHIPPED YOUR DEPOT 1981 JUN 1 540 CTNS MENS COTTON TROUSERS, 30,240 LB, 1782 CUBE, VIA XX-YY*

IN CAR NO. XX 123456**-GBL***-C98000031****

CONTRACT DLA .......ETA*****-JUNE 5 JONES & CO., JERSEY CITY, N.J.

* Name of rail carrier, trucker, or other carrier.

** Vehicle identification.

*** Government bill of lading.

**** If not shipped by GBL, identify lading document and state whether paid by contractor.

***** Estimated time of arrival.

(End of clause)

[FAC 84-53, 54 FR 48995, 11/28/89, effective 12/28/89; FAC 90-29, 60 FR 34732, 7/3/95, effective 7/3/95]

[¶ 31,352.65]

**52.242-13 Bankruptcy.**

As prescribed in 42.903, insert the following clause:

BANKRUPTCY (JUL 1995)

In the event the Contractor enters into proceedings relating to bankruptcy, whether voluntary or involuntary, the Contractor agrees to furnish, by certified mail or electronic commerce method authorized by the contract, written notification of the bankruptcy to the Contracting Officer responsible for administering the contract. This notification shall be furnished within five days of the initiation of the proceedings relating to bankruptcy filing. This notification shall include the date on which the bankruptcy petition was filed, the identity of the court in which the bankruptcy petition was filed, and a listing of Government contract numbers and contracting offices for all Government contracts against which final payment has not been made. This obligation remains in effect until final payment under this contract.

(End of clause)

[FAC 90-4, 56 FR 15156, 4/15/91, effective 5/15/91; FAC 90-29, 60 FR 34732, 7/3/95, effective 7/3/95]

[¶ 31,352.70]

**52.242-14 Suspension of Work.**

As prescribed in 42.1305(a), insert the following clause in solicitations and contracts when a fixed-price construction or architect-engineer contract is contemplated:

SUSPENSION OF WORK (APR 1984)

(a) The Contracting Officer may order the Contractor, in writing, to suspend, delay, or interrupt all or any part of the work of this contract for the period of time that the Contracting Officer determines appropriate for the convenience of the Government.

(b) If the performance of all or any part of the work is, for an unreasonable period of time, suspended, delayed, or interrupted (1) by an act of the Contracting Officer in the administration of this contract, or (2) by the Contracting Officer's failure to act within the time specified in this contract (or within a reasonable time if not specified), an adjustment shall be made for any increase in the cost of performance of this contract (excluding profit) necessarily caused by the unreasonable suspension, delay, or interruption, and the contract modified in writing accordingly. However, no adjustment shall be made under this clause for any suspension, delay, or interruption to the extent that performance would have been so suspended, delayed, or interrupted by any other cause, including the fault or negligence of the Contractor, or for which an equitable adjustment is provided for or excluded under any other term or condition of this contract.

(c) A claim under this clause shall not be allowed (1) for any costs incurred more than



©1999, Commerce Clearing House, Inc.

contract. This notifica-
within five days of the
edings relating to bank-
tification shall include
ie bankruptcy petition
of the court in which
on was filed, and a list-
contract numbers and
all Government con-
final payment has not
ation remains in effect
ider this contract.
clause)

15156, 4/15/91, effec-
90-29, 60 FR 34732,
95]

**52.70]**

**on of Work.**

1305(a), insert the fol-
itations and contracts
nstruction or architect-
ntemplated:

WORK (APR 1984)

Officer may order the
, to suspend, delay, or
art of the work of this
l of time that the Con-
mines appropriate for
Government.

ce of all or any part of
nreasonable period of
ed, or interrupted (1)
racting Officer in the
contract, or (2) by the
ailure to act within the
contract (or within a
specified), an adjust-
or any increase in the
this contract (exclud-
caused by the unrea-
elay, or interruption,
fied in writing accord-
ustment shall be made
any suspension, delay,
extent that perform-
so suspended, delayed,
other cause, including
of the Contractor, or
le adjustment is pro-
nder any other term or
ct.

nis clause shall not be
ts incurred more than





20 days before the Contractor shall have notified the Contracting Officer in writing of the act or failure to act involved (but this requirement shall not apply as to a claim resulting from a suspension order), and (2) unless the claim, in an amount stated, is asserted in writing as soon as practicable after the termination of the suspension, delay, or interruption, but not later than the date of final payment under the contract.

(End of clause)

[Redesignated from 52.212-12, FAC 90-32, 60 FR 48206, 9/18/95, effective 10/1/95]

**[¶ 31,352.75]**

**52.242-15 Stop-Work Order.**

As prescribed in 42.1305(b), insert the following clause. The "90-day" period stated in the clause may be reduced to less than 90 days.

STOP-WORK ORDER (AUG 1989)

(a) The Contracting Officer may, at any time, by written order to the Contractor, require the Contractor to stop all, or any part, of the work called for by this contract for a period of 90 days after the order is delivered to the Contractor, and for any further period to which the parties may agree. The order shall be specifically identified as a stop-work order issued under this clause. Upon receipt of the order, the Contractor shall immediately comply with its terms and take all reasonable steps to minimize the incurrence of costs allocable to the work covered by the order during the period of work stoppage. Within a period of 90 days after a stop-work order is delivered to the Contractor, or within any extension of that period to which the parties shall have agreed, the Contracting Officer shall either—

(1) Cancel the stop-work order; or

(2) Terminate the work covered by the order as provided in the Default, or the Termination for Convenience of the Government, clause of this contract.

(b) If a stop-work order issued under this clause is canceled or the period of the order or any extension thereof expires, the Contractor shall resume work. The Contracting Officer shall make an equitable adjustment in the delivery schedule or contract price, or both, and the contract shall be modified, in writing, accordingly, if—

(1) The stop-work order results in an increase in the time required for, or in the Contractor's cost properly allocable to, the performance of any part of this contract; and

(2) The Contractor asserts its right to the adjustment within 30 days after the end of the period of work stoppage; *provided*, that, if the Contracting Officer decides the facts justify the action, the Contracting Officer may receive and act upon a proposal submitted at any time before final payment under this contract.

(c) If a stop-work order is not canceled and the work covered by the order is terminated for the convenience of the Government, the Contracting Officer shall allow reasonable costs resulting from the stop-work order in arriving at the termination settlement.

(d) If a stop-work order is not canceled and the work covered by the order is terminated for default, the Contracting Officer shall allow, by equitable adjustment or otherwise, reasonable costs resulting from the stop-work order.

(End of clause)

*Alternate I* (APR 1984). If this clause is inserted in a cost-reimbursement contract, substitute in paragraph (a)(2) the words "the Termination clause of this contract" for the words "the Default, or the Termination for Convenience of the Government clause of this contract." In paragraph (b) substitute the words "an equitable adjustment in the delivery schedule, the estimated cost, the fee, or a combination thereof, and in any other terms of the contract that may be affected" for the words "an equitable adjustment in the delivery schedule or contract price, or both."

[FAC 84-6, 50 FR 2272, 1/15/85, effective 1/15/85; FAC 84-49, 54 FR 29283, 7/11/89, effective 8/10/89; Redesignated from 52.212-13, FAC 90-32, 60 FR 48206, 9/18/95, effective 10/1/95]

**[¶ 31,352.80]**

**52.242-16 Stop-Work Order—Facilities.**

As prescribed in 42.1305(c), insert the following clause. The "90-day" period stated in the clause may be reduced to less than 90 days.



000050

DEPARTMENT OF THE NAVY
NORTHERN DIVISION
NAVAL FACILITIES ENGINEERING COMMAND
OFFICER IN CHARGE OF CONTRACTS
RESIDENT OFFICER IN CHARGE OF CONSTRUCTION
NAVAL ACTIVITIES NARRAGANSETT BAY AREA
ONE SIMONPIETRI DRIVE
NEWPORT RI 02841-1712

IN REPLY REFER TO:
4330
ROICC/L2283
May 2, 2003

Mr. Edward Eichen
Oak Environmental Consultants, Inc.
600 N. Route 73
Suite 12
Marlton, NJ 08060

Dear Mr. Eichen:

SUBJECT: CONTRACT N62472-02-C-0095, ANCHORAGE HOUSING REPAIR PROJECT AT THE NAVAL STATION, NEWPORT, RI

Your performance of the subject contract is hereby suspended pursuant to contract clause FAR 52.242-14, Suspension of Work (APR 1984) effective immediately through May 01, 2004.

You are to stop all on-site work except that which is necessary to correct all safety deficiencies; prevent damage to existing government property, and secure existing housing units and project materials. Processing of contractually required administrative items (including, but not limited to, submittals and training), ordering of additional contract materials, and any off-site work shall stop immediately.

You are instructed to mitigate any and all costs, including those of subcontractors, (if any), associated with this suspension.

In addition, please provide a proposal for the deletion of all the remaining work under this contract to this office.

If there are any questions, please do not hesitate to contact K. Sampson at 401-841-1764 or LTJG Nolan Redding at 401-841-1763.

Sincerely,

Michael A. Zanoli

Michael A. Zanoli
Lieutenant Commander, Civil Engineer Corps, U. S. Navy
Resident Officer in Charge of Construction

000051

cc: U. S. SMALL BUSINESS ADMINISTRATION
New Jersey District Office

Track: 791370069490
Mode: FedEx Express Priority

| | | | |
|---|---|---|---|
| Invoice: | Date: 05/02/2003 | Shipping: | 4.49 |
| Customer: OAK ENVIRON | Weight: 1.00 | Special: | 0.00 |
| Dept: | COD: 0.00 | Handling: | 0.00 |
| | DV: 0.00 | Total: | 4.49 |