IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| OAK ENVIRONMENTAL CONSULTANTS, INC., Plaintiff, | |
| v. | Civil Action No. 06-113C (Judge Horn) |
| THE UNITED STATES OF AMERICA, Defendant. | |

**APPENDIX TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Michael H. Payne, Esquire
Payne Hackenbracht & Sullivan
220 Commerce Drive, Suite 100
Ft. Washington, PA 19034
Tel: 215-542-2777
Fax: 215-542-2779
E-mail: mhp@phslegal.com

Attorney for Oak Environmental Consultants, Inc.

Date: June 15, 2007

UNITED STATES COURT OF FEDERAL CLAIMS IN WASHINGTON, D.C.

---

OAK ENVIRONMENTAL CONSULTANTS, INC. :
Plaintiff :
-vs- : CASE NO. 06-114C
UNITED STATES OF AMERICA:
Defendant :

---

Deposition of MICHAEL ZANOLI, a witness herein, taken by the Plaintiff as upon cross examination and pursuant to the Applicable Rules of Civil Procedure as to the time and place and stipulations hereinafter set forth, at the offices of Britton & Associates, 124 E. Third Street, Suite 400, Dayton, Ohio at 11:00 a.m. on Thursday, May 10, 2007, before Paula A. Blosser, RPR and Notary Public within and for the State of Ohio.

* * * * * *

a year?

A. Yes.

Q. Correct?

A. Correct.

Q. How did you determine the length of time of the suspension?

A. I do not recall how I came up with the date May 1, 2004, why that date.

Q. Had you ever done a suspension of work order before?

A. I don't recall if I have or haven't.

Q. Did you speak to anyone about the time of the suspension that you should put in this letter?

A. I may have, I don't know. I just don't recall.

Q. Did you believe at the time that you issued the suspension letter that the work would resume after May 1, 2004?

A. In my mind at the time we were still waiting for the formal letter request from the Commander Atlantic Fleet to terminate the contract so there was a slight possibility in my mind that the work could go on absent that official request.

Q. So would it be correct to say that in

IN THE UNITED STATES COURT OF
FEDERAL CLAIMS

No: 06-113C
Deposition

OAK ENVIRONMENTAL CONSULTANTS, INC.

vs.

THE UNITED STATES (JUDGE HORN)

DEPOSITION OF DENISE ABRAHAM, taken pursuant to the applicable provisions of the Rules of the United States Court of Federal Claims on behalf of the Plaintiff, before Salvina S. Ferreira, Certified and Registered Professional Reporter and a Notary Public in and for the State of Rhode Island, at the Naval Station Newport, One Simonpietri Drive, Newport, RI, commencing at 2:10 P.M., on Thursday, March 8, 2007, pursuant to Notice and agreement of parties as to the date and time of taking said deposition.

* * * * *

LEDGEWOOD COURT REPORTING
23 Last Street
Tiverton, RI 02878
(401) 625-5455

that. "In order to stop the work, EFANE -- E-F-A-N-E -- would like to have an activity/regional request so they can notify the contractor and reduce the inconvenience to him as soon as possible."

What does that mean reduce the inconvenience to the contractor?

MR. SCHROEDER: I'm going to object.

Q If you know.

A I'm not sure what that means.

Q Okay. Do you recall receiving any instruction that if you suspended a contractor for a definite period of time that that would save the Government money in terms of having to pay overhead costs?

A My understanding is that if it's suspended for a definite period of time there are limited costs that the contractor is then entitled to.

Q And what about if it's for an indefinite period?

A I believe there are more costs that that opens up to.

Q So as a matter of policy in your office in Newport is that why when you issue suspensions it's for a definite period of time?

A Yes.

MR. PAYNE: Okay. No further questions.